# United States District Court

for

*District of Guam*

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: **Junior Salas Jesus**     Case Number: **CR 02-00071-001**

Name of Sentencing Judicial     John S. Unpingco

Date of Original Sentence:     September 4, 2003

| | |
|---|---|
| Original Offense: | Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) |
| Original Sentence: | 25 months imprisonment followed by three years supervised release with conditions that he: comply with all mandatory and standard conditions of supervised release; not commit another local, state or federal crime; not obtain a firearm or other dangerous weapon; refrain from the use of any and all alcoholic beverages; participate in drug treatment with urinalysis; undergo a mental health assessment and any recommended treatment; maintain gainful employment; and pay a $100 special assessment fee. |

Type of Supervision: Supervised Release     Date Supervision  October 18, 2004

Assistant U.S. Attorney:     Jeffrey J. Strand     Defense Attorney:  John T. Gorman

**PETITIONING THE COURT**

☐ To issue a warrant.

☒ To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number     Nature of Noncompliance [All in violation of 18 U.S.C. § 3583(d)]

1.     Failure to refrain from committing another federal, state, or local crime, in violation of 18 U.S.C. § 3583(d).

Arrested (8/10/07) by Guam Police and Indicted in the Superior Court of Guam under CF381-07 with:

First Charge: Attempted Aggravated Murder (As a First Degree Felony);
Second Charge: Aggravated Assault (As a First Degree Felony);
Third Charge: Aggravated Assault (As a Third Degree Felony); and
Fourth Charge: Family Violence (As a Third Degree Felony).

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for     years, for a total term     years.

☐ The conditions of supervision should be modified as follows:

**Please see attached**
*Declaration in Support of Petition,*
*Violation of Supervised Release Conditions; Request for a Summons and/or Writ of Habeas Corpus*
**submitted by U.S. Probation Officer Robert I. Carreon**

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

Date: October 3, 2007

I declare under penalty of perjury that the forgoing is true and correct.

/s/ ROBERT I. CARREON
U.S. Probation Officer

Executed on: October 3, 2007

**THE COURT ORDERS:**

☐ No Action.

☐ The Issuance of a Warrant.

☐ The Issuance of a Summons.

☐ Other.

**VIOLATION WORKSHEET**

1. Defendant **Junior Salas Jesus**
2. Docket Number (Year-Sequence-Defendant No.) **CR 02-00071-001**
3. District/Office 0993/1
4. Original Sentence Date 9 / 4 / 03
   month / day / year

(If different than above):
5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Arrest for local offense, to wit: Attempted Aggravated Murder, Aggravated Assault, and Family Violence, on August 10, 2007. | A |
| • | |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b)) — A
9. Criminal History Category (see §7B1.4(a)) — II
10. Range of Imprisonment (see §7B1.4(a)) — 15-21 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Defendant: **Junior Salas Jesus**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 15-21 mos

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    An upward departure may be warranted as the original sentence was the result of a downward departure, pursuant to U.S.S.G. § 7B1.4, Application Note 4.

15. **Official Detention Adjustment** (see §7B1.3(e)): 0 months 0 days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 02-00071-001 |
| ) | |
| Plaintiff, ) | |
| ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. ) | |
| ) | |
| JUNIOR SALAS JESUS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Re: Violations of Supervised Release Conditions; Request for a Summons and/or Writ of Habeas Corpus**

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Junior Salas Jesus and in that capacity declare as follows:

Mr. Jesus is alleged to have committed the following violation, which is in violation of *18 U.S.C. § 3583(d)*:

**Mandatory Conditions:** *The defendant shall not commit another federal, state, or local crime.*

On August 4, 2007, Junior Salas Jesus contacted this Officer notifying that he was questioned by Guam Police Department (GPD) Officers regarding a motor vehicle accident he was involved in on Friday, August 3, 2007. He stated that on this date, his girlfriend, Julie Gadia, was accidently "run-over" by his vehicle, and was currently unconscious and receiving treatment at the Naval Hospital. He further stated that he was interviewed by GPD officers but that he was not arrested. Mr. Jesus denied any wrong-doing and provided the following information to this Officer on the accident:

On Friday, August 3, 2007, Mr. Jesus stated that he was notified by his girlfriend, Julie Gadia, that she was "cheating" on him. He reported that they did not argue, but he insisted that she vacate their residence immediately. Mr. Jesus stated that Ms. Gadia wanted to first withdraw her money from their joint bank account so they drove together from their residence and proceeded onto Umang Road toward a nearby Automated Teller

DECLARATION IN SUPPORT OF PETITION
Violations of Supervised Release Conditions; Request for a Summons and/or Writ of Habeas Corpus
Re:    JESUS, Junior Salas
Criminal Case No. 02-00071-001
October 3, 2007
Page 2

Machine (ATM) nearby.  He stated that while he was driving on Umang Road, he removed the ATM card from his wallet and held it out the window in order to use the street light to read it.  At this point, the card dropped from his hand and out of the vehicle, so he immediately stopped to retrieve it. While the vehicle was stopped, Mr. Jeusus stated Ms. Gadia ran out of the vehicle.  He denied making any verbal or physical threats that would make her want her to suddenly exit the vehicle.  As Mr. Jesus proceeded to retrieve the bank card from the road, he noticed that the car had rolled down the road where it struck Ms. Gadia who then became pinned underneath.  Mr. Jesus stated that he cried out for help and attempted to get the vehicle off Ms. Gadia with no success.  He stated he had a cell phone but that he could not recall where in the vehicle he placed it, and ended up running back to his house to call 911.  After making the call, he ran back to the vehicle and used a car jack to get the vehicle off Ms. Gadia, after which time, he laid her across the driver's seat.  Shortly thereafter, police and paramedics arrived.  Mr. Jesus stated he was "shaken-up" by the ordeal but declined any counseling.

     Again, Mr. Jesus denied any wrong-doing and stated that the incident was accidental in nature.  He stated that GPD officers notified him that they will be waiting for Ms. Gadia to regain consciousness to obtain her statement.  Mr. Jesus was instructed to adhere to the current conditions of supervision and to report any further contact with GPD.
     This Officer reviewed the GPD report in this case (GPD report #2007-00021816), which has been summarized as follows:

     On August 3, 2007, GPD officers responded to a report of an Injured Person at 108 Umang Road in Agat.  Upon arrival, officers noted the presence of paramedics already on the scene tending to the victim identified as Julie Gadia.  Ms. Gadia was unresponsive to questions and transported by ambulance to the Naval Hospital for further treatment of her injuries.  Officers then met with the driver of the vehicle, identified later as Junior Jesus, who was subsequently transported to the Agat Precinct for further questioning.  While at the station, Mr. Jesus was read his Miranda Rights which he acknowledged.  He reported to officers that earlier this date he and Ms. Gadia had attended a rosary at the Teachers Staff housing in Agat.  Mr. Jesus admitted that he drank four cans of beer earlier in the evening.  While at the rosary, he observed Ms. Gadia flirting with an unidentified male individual.  Upon arriving home from the Rosary, he and Ms. Gadia argued over her conversation with the unidentified male she spoke with at the rosary.  When asked by Mr. Jesus if she was "messing around", she stated that she was.  Mr. Jesus then told her to leave.  At this point, Ms. Gadia asked him for her money in the bank, so they proceeded together in his vehicle to retrieve it.   While en route to the ATM, Mr. Jesus stated that he took his wallet out to pull out the ATM card.  He took out the card and held it out to the street light in order to read it.  Ms. Gadia attempted to grab the card from his hand causing
DECLARATION IN SUPPORT OF PETITION

it to fall onto the road. Mr. Jesus subsequently stopped the vehicle and stepped out to retrieve it. While he was doing this, Ms. Gadia got out of the passenger side of the vehicle and walked around to the front of it. As he was picking up the card, all he heard was someone screaming. Mr. Jesus stated that he next saw Ms. Gadia pinned beneath the vehicle with her head sticking out from below the driver's side cab door. He told her not to move. Mr. Jesus stated that he panicked and tried to lift the vehicle off of her but was unsuccessful. He then grabbed the jack from the back of the cab area and used it to lift the vehicle off Ms. Gadia. At this point, she stopped screaming and appeared unconscious. He then pulled her out from under the vehicle and placed her in the passenger seat of the truck. Mr. Jesus stated that he then ran to his mother's house to call 911. After doing so, he ran back down to check on Ms. Gadia and to wait for the ambulance to arrive. Criminal Investigation Officers (CIS) then took over the investigation of the case. Mr. Jesus was not arrested at this time and subsequently left the Agat Precinct to return home.

On August 11, 2007, this Officer was notified via Hagatna Detention Facility Daily Confinement Records that Mr. Jesus was arrested and confined on August 10, 2007, subsequently to being charged by GPD CIS officers for Attempted Aggravated Murder, Family Violence, and two counts of Aggravated Assault. Officers made the arrest after Ms. Gadia regained consciousness and reported that Mr. Jesus intentionally ran her over twice with his vehicle on August 3, 2007. On August 11, 2007, Mr. Jesus appeared in the Superior Court of Guam under SCOG Cs.#CF381-07 on the charges outlined above. He was remanded with bail set at $250,000. On August 22, 2007, Mr. Jesus was Indicted in the Superior Court of Guam on the same charges above. Presently, Trial Setting is scheduled for October 9, 2007.

**Supervision Compliance**: Except as outlined above Mr. Jesus has maintained compliance with his conditions of supervision. He obtained employment as a painter with BME & Sons, Inc. Mr. Jesus completed the drug treatment and testing program on November 1, 2005. He was subject to a psychiatric assessment on November 18, 2004, and no mental health treatment was recommended. Mr. Jesus paid the $100 special assessment fee on September 8, 2003 and submitted to mandatory DNA testing on September 13, 2005.

**Recommendation:** This Officer respectfully requests that the Court issue a Summons and/or Writ of Habeas Corpus for Junior Salas Jesus and upon its execution, he appear at a hearing to answer or show cause why supervised release should not be revoked, pursuant to 18 U.S.C. § 3583(e)(3).

DECLARATION IN SUPPORT OF PETITION
Violations of Supervised Release Conditions; Request for a Summons and/or Writ of Habeas Corpus

Case 1:02-cr-00071    Document 25-3    Filed 10/03/2007    Page 3 of 4

Re: JESUS, Junior Salas
Criminal Case No. 02-00071-001
October 3, 2007
Page 4

    I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

    Executed this 3rd day of October 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

    Respectfully submitted,

    ROSSANNA VILLAGOMEZ-AGUON
    Acting Chief U.S. Probation Officer

By:  /s/ ROBERT I. CARREON
    U.S. Probation Officer

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
  Supervision Unit Leader

cc:   Jeffrey J. Strand, AUSA
      John T. Gorman, FPD
      File